**SU JIANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Eric H. Holder, Jr.,[1] Respondents.**

No. 08–2116–ag.

United States Court of Appeals, Second Circuit.

July 16, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

Waisim M. Cheung, Tsoi and Associates, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; Barry J. Pettinato, Assistant Director; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, B.D. PARKER, and RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioner, Su Jiang, a native and citizen of the People's Republic of China, seeks review of an April 4, 2008 order of the BIA denying her motion to reopen her deportation proceedings. *In re Su Jiang,* No. A 073 672 808 (B.I.A. Apr. 4, 2008). We assume the parties' familiarity with the

**16**

underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

■ We find that the BIA did not err in denying Jiang's untimely motion to reopen. An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Jiang's motion to reopen as untimely where it was filed more than ten years after the agency's final order of removal. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, substantial evidence supports the BIA's conclusion that Jiang failed to establish materially changed conditions in China. *See Jian Hui Shao,* 546 F.3d at 169.

■ We have previously reviewed the BIA's consideration of evidence similar to that submitted by Jiang in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consid-

er time and again[,] … it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Additionally the BIA properly found that the additional evidence Jiang submitted does not indicate that conditions have changed with respect to China's family planning policy. *See Jian Hui Shao,* 546 F.3d at 169. Indeed, the BIA reasonably determined that much of the evidence Jiang submitted concerned her personal activities in the United States rather than country conditions in China. This evidence included documents showing her marriage to a U.S. citizen and the birth of her U.S. citizen children. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir.2008); *Wei Guang Wang v. BIA,* 437 F.3d 270, 273–74 (2d Cir.2006).

■ To the extent that Jiang's arguments can be construed as asserting that the Chinese government's awareness of the birth of her U.S. citizen children constitutes changed circumstances excusing the untimely filing of her motion to reopen, the BIA reasonably viewed the motion as based on "circumstances entirely of [her] own making," which did not exempt the motion from the applicable time and number bars. *See Wei Guang Wang,* 437 F.3d at 274. Indeed, it would defeat the purpose of the existing statutory and regulatory scheme to find that an alien who changes her personal circumstances, and makes her potential persecutors *aware* of that change, may establish changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *see also Yuen Jin,* 538 F.3d at 155–56.

■ Although Jiang argues that the BIA abused its discretion in failing to explicitly consider all of the record evidence, we "presume that [the agency] has taken into account all of the evidence before [it],

unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006).

 Finally, contrary to Jiang's argument, the BIA did not err in declining to reopen her deportation proceedings based on her eligibility for adjustment of status because that eligibility would not excuse the untimely filing of her motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3). Accordingly, we conclude that the BIA's denial of Jiang's motion to reopen was not an abuse of discretion.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).